UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEATHER BARLOW; VALUE EXTRACTION SERVICES LLC; PHILLIP LOFASO; JAKE HENDRICKSON; MAKEEDA PERKINS; MAURA MURPHY; MARINA PUSHKINA; JEN DOBIES; ROES 1-2, and all others similarly situated and/or interested parties,<br><br>Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER SKROUPA; INSPIRE SUMMITS LLC d/b/a SKYTOP STRATEGIES; DAVID KATZ, JOHN STEPHEN WILSON; PAULA LUFF; and ADVISORY BOARD MEMBERS DOES 1-5,<br><br>Defendants. | Civil Action No.:  21-cv-5684<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that the Defendants CHRISTOPHER SKROUPA ("Skroupa"), INSPIRE SUMMITS LLC d/b/a SKYTOP STRATEGIES ("Skytop"); DAVID KATZ ("Katz"), JOHN STEPHEN WILSON ("Wilson"); and PAULA LUFF ("Luff") (together, the "Removing Defendants"), by and through their counsel Adam Engel of The Engel Law Group, PLLC, hereby remove this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, from the Supreme Court of the State of New York, County of New York (Index No. 651739/2020) (the "Removed Action"), to the United States District Court for the Southern District of New York.  In support of this Notice of Removal, and as per 28 U.S.C. § 1446, the Removing Defendants state the following:

1. The "Removing Defendants" are all of the Defendants named in the Removed Action.  *See,* Exh. A (state court docket sheet).

2. The undersigned represents each and all of the Removing Defendants.

3. Each of the Removing Defendants consents to and fully supports this removal.

***Timeliness and Procedural History***

4. This removal involves a highly unusual procedural history and posture, arising from the Plaintiffs' recent re-assertion, in state court, of the very same Fair Labor Standards Act claims they explicitly abandoned, in federal court – including an amended pleading filed in this Court – for the specific purpose of removing federal question jurisdiction and thereby securing a remand to state court.

5. The currently removing Defendants removed this case to this District (Judge Schofield, 21-cv-2094, the "2094 Case")) on or about March 10, 2021, on the basis that the Plaintiffs had newly asserted FLSA claims in their Second Amended Complaint in state court, which removal Judge Schofield found to be proper and effective in all respects.  2094 Case Dkt. ##12, 26).

6. Thereafter, at the suggestion of the Court, the Plaintiffs purportedly abandoned their FLSA claims in an amended pleading filed in the 2094 Case for the specific and explicit purpose of defeating the subject matter jurisdiction of this Court.  2094 Case Dkt. ##15 (version improperly labeled the Second Amended Complaint), Dkt. #23 (version correctly identified as Third Amended Complaint)).  The Plaintiffs then moved for remand to state court, which motion Judge Schofield granted on March 30 (2094 Case Dkt. #26), also specifically and explicitly on the grounds that the Plaintiffs' Third Amended Complaint no longer contained any FLSA or other federal claims, and that the Plaintiffs had abandoned and were no longer asserting any

federal claims. Because the Plaintiffs had abandoned their FLSA claims, with Judge Schofield's approval and affirmation, the Plaintiffs' case no longer presented any grounds for federal jurisdiction, and this case was therefore not removable as of March 30, 2021.

7. After the 2094 Case was remanded to state court, the Plaintiffs have acted as though none of the above took place and as though they never filed the Third Amended Complaint in this Court, and that it simply does not exist.

8. The Plaintiffs have never filed the Third Amended Complaint in state court – and as such it is not part of the record below and not included here – including any substantially identical one with an appropriate state court caption. To the contrary, and in direct contradiction of their statements and assurances to Judge Schofield, including in their amended pleading in federal court (namely the Third Amended Complaint), the Plaintiffs moved for default judgment on their *Second* Amended Complaint (Exh. D hereto, at pp. 19-20), which contains FLSA claims, in state court on June 1, 2021. This is the first date on which the Defendants could possibly have known that the Plaintiffs were re-asserting FLSA or any other federal claims in state court, and therefore the first date on which this case again became removable, and this Notice of Removal is being filed within 30 days of that date.

9. The Defendants immediately objected to the Plaintiffs' motion in state court, and filed a letter with the state court on June 4, 2021 explaining the procedural history of this case, including the proceedings before Judge Schofield, and insisting that the Plaintiffs' motion for default judgment on a pleading that they had voluntarily abandoned was frivolous, at best.

10. Rather than acknowledge any error, the Plaintiffs doubled down, with Plaintiffs' counsel insisting that the motion was proper, and that the differences between the pleading the Defendants removed, the Second Amended Complaint containing FLSA claims, was materially

identical to the Third Amended Complaint *that omitted the FLSA claims* because the Third Amended Complaint merely "dropp[ed] approximately 40 words *referencing* the Fair Labor Standards Act." (emphasis added).

11. More explicitly, and in total disregard of their own Third Amended Complaint, the Plaintiffs asserted that "[t]he Second Amended Complaint remains on the record in this [state court] case." These statements show either an alarming lack or forthrightness with the state court or an alarming lack of understanding of what actually took place in this Court.

12. In an effort to cut to the chase and get the case moving in state court, and in an abundance of caution, the Defendants opted to file Answers to the Third Amended Complaint on June 8, 2021, reserving their rights to argue that they were not yet obligated to do so because the Plaintiff had not filed the Third Amended Complaint with the state court.

13. The Plaintiffs then *tripled* down and filed a Motion to Strike those Answers on the very same day, arguing that "[a]fter themselves seeking removal [the Plaintiffs argued in this Court, and this Court agreed, that removal was proper, yet Plaintiffs cannot seem to acknowledge that the Defendants did not just "seek" removal, but effected it], it is Defendants' obligation to move to dismiss in state court any federal claims they wish to ensure do not carry forward," thereby cementing the fact that the Plaintiffs are re-asserting FLSA claims in state court, which is indisputably sufficient grounds for removal, including as Judge Schofield has already held. And, as Plaintiffs have repeatedly refused to acknowledge the procedural history of this case, including their own pleadings, the Defendants are hereby exercising their right to litigate the Plaintiffs' FLSA claims asserted against them in Federal Court.

14. In an effort to achieve some efficiency in what has become an unnecessarily complicated and unwieldy case, the Defendants filed their second Notice of Removal in the 2094

4

Case on June 29, 2021. Because Judge Schofield had remanded and then closed the 2094 Case, she issued an order today holding that she no longer had jurisdiction over this matter and that the Defendants must open a new case and file their Notice of Removal there, which the Defendants are hereby doing.

15. The below information was set forth in the original Notice of Removal dated March 10, 2021 (2094 Case Dkt. #1), and is reproduced here in compliance with the applicable statute and rules. Since this case was remanded to state court, the state court has issued no orders, and the only new pleadings are the Defendants' Answers to the Third Amended Complaint, attached hereto as Exh. J.

16. On or about March 17, 2020, Plaintiffs Heather Barlow and her company Value Extraction Services LLC filed the original Complaint in the Removed Action (Exh. B), then titled *Heather Barlow and Value Extraction Services LLC v. Christopher Skroupa and Inspire Summits LLC d/b/a Skytop Strategies* and given Index Number 651739.

17. On or about July 9, 2020, Plaintiffs in the Removed Action filed a First Amended Complaint. Exh. C.

18. Neither the original Complaint nor the First Amended Complaint contained any cause of action arising under federal law or otherwise implicating federal law, and neither pleading provided any potential basis for federal diversity jurisdiction.

19. On or about March 2, 2021, the Plaintiffs filed a Second Amended Complaint that added new parties as well as a newly pled cause of action for "Violations of the federal Fair Labor Standards Act ("FLSA")." Exh. D, pp. 19-20 at ¶¶53-59. This was the first time that the Removed Action included any basis for this Court's federal question or diversity jurisdiction, and the filing date of the Defendants' first notice of removal was less than 30 days after Plaintiffs

originally filed the Second Amended Complaint in the Removed Action.

### *Basis for Removal*

20. As explained above, the Removed Action again, as of June 1, 2021 at the earliest, contains claims under the Federal Fair Labor Standards Act ("FLSA") over which this Court unquestionably has original jurisdiction.

### *Proceedings and Papers Filed in State Court*

21. Attached hereto as Exhibit A is a true and correct PDF printout of the State Court docket in the Removed Action as of June 29, 2021.

22. Attached hereto as Exhibit B is a true and correct copy of the original Verified Complaint along with the original Summons.

23. Attached hereto as Exhibit C is a true and correct copy of the First Amended Verified Complaint along with the first amended Summons.

24. Attached hereto as Exhibit D is a true and correct copy of the Second Amended Verified Complaint along with a new Summons for the newly added Defendant John Wilson.

25. Attached hereto as Exhibit E are true and correct copies of all purported proofs of service filed in the Removed Action.

26. Attached hereto as Exhibit F is a true and correct copy of the Verified Answer and Counterclaims to the original Complaint, filed by the original Defendants Christopher Skroupa and Inspire Summits.

27. Attached hereto as Exhibit G are true and correct copies of the Verified Answers to the First Amended Complaint, filed by David Katz and Paula Luff.

28. Attached hereto as Exhibit H are true and correct copies of Court Orders regarding discovery, including an Order to Show Cause why Plaintiffs' Subpoena Duces Tecum

should not be quashed, an Order addressing discovery deadlines, and a Scheduling Order adopting the parties' proposed case management dates.

29. Attached hereto as Exhibit I are true and correct copies of Court Orders regarding the withdrawal of the original attorneys for Defendants Skroupa and Inspire Summits.

30. Attached hereto as Exhibit J are true and correct copies of the Answers to Plaintiffs' Third Amended Complaint filed by (a) David Katz (b) Paula Luff and (c) the remaining Defendants.

*Notice*

31. Pursuant to 28 U.S.C. §1446(d), the Removing Defendants will provide prompt written notice of this Notice of Removal to all Plaintiffs through their counsel of record, and shall file a copy of this Notice of Removal with the State court.

Dated: Bondville, Vermont
June 30, 2021

**THE ENGEL LAW GROUP, PLLC**

By: _____
Adam E. Engel

280 Madison Avenue – Suite 705
New York, NY  10016
(212) 665-8095

*Counsel for Defendants*

TO:   Carla Stearns at [kerrstearns@me.com], Counsel for Plaintiffs

7